IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20cv24310

MIA COLLECTION SERVICES, LLC,

    Plaintiff,
v.

ENDURANCE ASSURANCE CORPORATION
and SOMPO AMERICA INSURANCE COMPANY,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Endurance Assurance Corporation ("Endurance") and Sompo America Insurance Company ("Sompo")(collectively "Insurers"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida. The grounds and basis for this removal are as follows:

### THE REMOVED CASE

1.    The removed case is a civil action filed on or about October 1, 2020, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, having been assigned Case No. 2020-021130-CA-01 (23), and captioned *MIA Collection Services, LLC v. Endurance Assurance Corporation and Sompo America Insurance Company*. The action involves claims for damages allegedly arising from the Insurers' breach of an insurance contract. Counsel for Plaintiff, MIA Collection Services, LLC ("Plaintiff") provided the Insurers' counsel with a copy of the Complaint on October 1, 2020 and Insurers waived service. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C.

§ 1441(b), in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## PAPERS FROM REMOVED ACTION

2.      As required by 28 U.S.C. § 1446(a), attached as **Exhibit A** are copies of the process, pleadings, orders, and other papers or exhibits provided to Insurers' counsel and the docket sheet from the state court file. *See Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1149-50 (11th Cir. 2009).

## THE REMOVAL IS TIMELY

3.      28 U.S.C. § 1446(b) states in relevant part that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

4.      Because this matter is being removed within thirty days after Plaintiff's counsel forwarded a copy of the Complaint to Insurers' counsel, this removal is timely under 28 U.S.C. § 1446(b). See *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999); *Black v. State Farm Mut. Auto. Ins. Co.*, No. 10-80996-CIV, 2010 WL 4340281, at *1 n.2 (S.D. Fla. Oct. 22, 2010) (removal is timely when accomplished within §1446(b)'s 30-day timeframe).

## THE VENUE REQUIREMENT IS MET

5.      Venue is proper in the Southern District of Florida, because the underlying state court action was pending within the jurisdictional confines of this District and Division. 28 U.S.C. § 1446(a).

## DIVERSITY OF CITIZENSHIP EXISTS

6.      This is a civil action that falls under the Court's original diversity of citizenship

jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446. There is complete diversity of citizenship.

7. For purposes of diversity, this Court may consider the entire record presented to it for removal and not merely the Complaint. Diversity of citizenship can thus be demonstrated by the facts alleged in the complaint or in the notice of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (abrogating *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007)) (pursuant to the first paragraph of 28 U.S.C. § 1446(b) a defendant may submit its own "evidence" supporting removal within the first thirty days after service and, if challenged, may submit further evidence supporting removal in response to a motion to remand). A defendant seeking to remove an action based on diversity of citizenship can supply the elements required to establish federal diversity jurisdiction in its removal papers. *Id.* at 755. Otherwise, a defendant's statutory right to removal would be entirely contingent upon the plaintiff's choice of words in the complaint. *See Woolard v. Heyer-Schulte,* 791 F. Supp. 294, 296-97 (S.D. Fla. 1992); *see also Wright v. Cont'l Cas. Co.*, 456 F. Supp. 1075, 1078 (M.D. Fla. 1978).

8. Plaintiff, at all relevant times, was, and is, a citizen of Florida for purposes of determining diversity under 28 U.S.C. § 1332(c)(1). See State Court Complaint attached as Exhibit A. Plaintiff alleges that Plaintiff is a Florida limited liability company authorized to do business in Florida.

9. Insurers, at all relevant times, were citizens of other states:

   a) Endurance Insurance Corporation was incorporated in Delaware and its principal place of business is in New York.

   b) Sompo America Insurance Company was incorporated in New York and its

123823233.1

principal place of business is in New York.

10. Because Plaintiff is a citizen of Florida, and Insurers are citizens of Delaware and New York, complete diversity of citizenship exists. See 28 U.S.C. § 1332.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

11. The $75,000 amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. As discussed below, a fair reading of the allegations of the Complaint clearly demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. This case arises out of a dispute over a demand made by Plaintiff's Assignor (the "Insured") (See Complaint, Paragraph 38) to Endurance for coverage under an insurance policy issued to the Insured by Endurance. The demand sought coverage for "claims" that the Insured sold counterfeit handbags (see Complaint, Paragraph 22). The Insured entered into a settlement for the claim by paying "more than $1.3 million in exchange for a release…" (Complaint, Paragraph 33). Plaintiff seeks to recover that amount, plus interest, costs, and attorneys fees "as assignee of the Insured." (Complaint, Paragraph 49).

13. A fair reading of the Complaint demonstrates that the amount in controversy far exceeds the $75,000 minimum, exclusive of interest and costs, required for this Court's jurisdiction under 28 U.S.C. § 1332. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.") (quoting *Pretka*, 608 F.3d at 754); *Devore v. Howmedica Osteonic Corp.*, 658 F.Supp. 2d 1372, 1380 (M.D. Fla. 2009) ("[I]f the jurisdictional amount is either stated clearly on the face of the documents before the court or readily deducible from them, then the court has jurisdiction.") (quoting *Lowery*, 483 F.3d at 1211).

## FILING OF REMOVAL PAPERS

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action is being simultaneously served on Plaintiff's counsel, and a Notice of Filing Notice of Removal is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County in the state court file from which this action has been removed. A true and correct copy of this Notice (without attachment) is attached hereto as **Exhibit B**.

15. Thus, the state court action has been properly removed to this Court in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Florida; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**WHEREFORE**, Insurers hereby remove the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and respectfully request that further proceedings be conducted in this Court as provided by law.

Dated:  October 20, 2020                              Respectfully submitted,

*/s/Jeffrey Michael Cohen*
JEFFREY MICHAEL COHEN
Fla. Bar No. 091495

**CARLTON FIELDS, P.A.**
*Counsel for Defendants*
Miami Tower
100 S.E. Second Street
Miami, Florida 33131
Telephone:    (305) 530-0050
Facsimile:     (305) 530-0055
Email: jmcohen@carltonfields.com

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail and electronic mail this 20th day of October, 2020 on all counsel or parties of record on the Service List below.

By: /s/ *Jeffrey Michael Cohen*
JEFFREY MICHAEL COHEN
Fla. Bar No. 091495
**CARLTON FIELDS, P.A.**
*Counsel for Defendants*
100 S.E. Second Street
Suite 4000
Miami, FL  33131
Telephone:    (305) 530-0050
Telefax:         (305) 530-0055
Email: jmcohen@carltonfields.com

## SERVICE LIST

Derek E. Leon, Esq.
Jeremy L. Kahn, Esq.
**LEON COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone:  (305) 740-1975
Facsimile:   (305) 437-8158
dleon@leoncosgrove.com
jkahn@leoncosgrove.com
*Counsel for Plaintiff*